# EXHIBIT A

VEDDER PRICE (CA), LLP
Heather M. Sager, Bar No. 186566
hsager@vedderprice.com
Ayse Kuzucuoglu, Bar No. 251114
akuzucuoglu@vedderprice.com
275 Battery Street, Suite 2464
San Francisco, California 94111
T: +1 415 749 9500
F: +1 415 749 9502

Attorneys for Defendant
HARRISON GLOBAL, LLC dba
BOSTON COACH

**ENDORSED FILED**
**SAN MATEO COUNTY**
APR - 5 2017
Clerk of the Superior Court
By JORDAN MAXWELL
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| ROBERT BENSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARRISON GLOBAL, LLC DBA BOSTON COACH, and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 17CIV00921<br><br>**DEFENDANT HARRISON GLOBAL, LLC DBA BOSTON COACH'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Trial Date: None set.<br>Date Action Filed: March 3, 2017 |

FAXED

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S ANSWER TO COMPLAINT
[CASE NO. 17CIV00921]

SAN_FRANCISCO/#43585.1

Scanned by CamScanner

Harrison Global, LLC dba Boston Coach ("Defendant" or "Harrison Global") hereby answers the unverified Complaint filed by Plaintiff Robert Benson ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of Section 431.30, *et seq.*, of the California Code of Civil Procedure, Defendant generally denies each and every material allegation in the Complaint, and specifically denies that Plaintiff has been damaged in any amount, sum or manner whatsoever by reason of any alleged acts or omissions on the part of Defendant or its officers, directors, employees and/or agents.

### AFFIRMATIVE DEFENSES

Pursuant to the provisions of section 431.30(g) of the California Code of Civil Procedure, and without waiving or excusing Plaintiff's applicable burdens of proof or admitting that Defendant has any burden of proof as to any defense, Defendant herby asserts the following affirmative defenses. Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein. Subject to the preceding qualifications, Defendant alleges the following separate affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

(Not Appropriate for Class Action)

The Complaint, and each cause of action alleged therein, fails, in whole or in part, because Plaintiff has failed to adequately plead and establish the necessary elements for a class action pursuant to the California Code of Civil Procedure. Plaintiff, therefore, should be barred from maintaining this case as a class action.

Plaintiff only worked for Harrison Global from July 14, 2014 through December 31, 2015; he is not currently employed by Harrison Global. Therefore, he cannot adequately represent the interests of the putative class members. Moreover, Plaintiff also cannot establish that common

- 2 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S ANSWER TO COMPLAINT
[CASE NO. 17CIV00921]

SAN_FRANCISCO/#43585.1

questions of law and fact exist as to all members of the putative class and cannot show typicality of his claims. Defendant properly paid its hourly employees and provided them with legally compliant meal and rest breaks. Plaintiff's habits regarding taking meal and rest breaks, and his work hours impact each of those factors on the calculation and payment of his wages. Given the discrepancies between the experiences of Plaintiff and the putative class members and the fact that each California location has unique operations, a class action is not the superior method of adjudicating Plaintiff's claims, and public policy considerations weigh against class action treatment of claims that require individualized analysis.

## SECOND AFFIRMATIVE DEFENSE

(Paid as Required by Law)

The Complaint, and each cause of action alleged therein, fails, in whole or in part, because Plaintiff and the proposed class members were at all times properly and timely paid all compensation due to them, as required by law. Plaintiff only worked for Harrison Global from July 14, 2014 through December 31, 2015; he is not currently employed by Harrison Global. Therefore, he cannot adequately represent the interests of the putative class members. Defendant properly paid its hourly employees and provided them with legally compliant meal and rest breaks. Therefore, Plaintiff and the putative class members were paid all wages owed to them.

## THIRD AFFIRMATIVE DEFENSE

(Acts of Third Parties)

Defendant's conduct is not the sole and proximate cause of the alleged damages and losses, if any. Any damages awarded to the Plaintiff and the proposed class members must be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities or their agents, servants, and employees who contributed to and/or caused the alleged damages, if any, according to the proof presented at the time of trial. Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; he is not currently employed by Harrison Global. Therefore, if Plaintiff suffered damages outside of his employment period, Harrison Global cannot be held liable. Neither Plaintiff nor any of the other putative class

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN_FRANCISCO/#43585.1

DEF.'S ANSWER TO COMPLAINT
[CASE NO. 17CIV00921]

members reported local policies or practices that deprived them of wages, and meal and rest break rights, or led to inaccurate compensation for hours worked. If putative class members failed to accurately clock in/out, chose not to take the breaks provided to them, or did not notify management, Human Resources, or other company representatives that their rights had been compromised, then they did not properly mitigate their damages. Defendant's policies and practices in regard to the alleged behaviors comply fully with the law. If Plaintiff and the putative class failed to follow such policies and practices, the blame should not lie with the Defendant.

### FOURTH AFFIRMATIVE DEFENSE

(Waiver of Consent)

The Complaint, and each cause of action alleged therein, fails, in whole or in part, because the Plaintiff and the proposed class members consented to the conduct complained of or have otherwise waived the right, by reason of their conduct and actions, to assert the claims alleged in the Complaint. Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; he is not currently employed by Harrison Global. Therefore, he cannot adequately represent the interests of the putative class members. Neither Plaintiff nor any of the other putative class members have reported local policies or practices that deprived them of their meal and rest break rights, or led to inaccurate compensation for hours worked. If putative class members accurately clocked in/out, took breaks as available by law and policy, and promptly notified management, Human Resources, or other representatives that their rights had been compromised, their potential damages would have been mitigated and/or any issues could have been addressed and corrected, if warranted. Defendant's policies and practices in regard to the alleged behaviors comply fully with the law. If Plaintiff and the putative class failed to follow such policies and practices, the blame should not lie with the Defendant.

///

///

Vedder Price (CA), LLP
Attorneys at Law
San Francisco

SAN_FRANCISCO/#43585.1

- 4 -

DEF.'S ANSWER TO COMPLAINT
[CASE NO. 17CIV00921]

### FIFTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

All the claims alleged by the Plaintiff and the proposed class members are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 339, 340 and 343 and California Business and Professions Code §17208. Pursuant to California Code of Civil Procedure Section 458, "[i]n pleading the statute of limitations, it is not necessary to state the facts showing the defense."

### SIXTH AFFIRMATIVE DEFENSE

(No Penalties; Good Faith Dispute as to Wages Owed)

Plaintiff's claim of penalties under the first, second and third causes of action for alleged wage violations under the California Labor Code fail because there is a good faith dispute as to Defendant's obligation to pay any wages which may be found to be due. Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; he is not currently employed by Harrison Global. Defendant has a good faith dispute as to whether wages and penalties are owed during and outside of this period. Plaintiff and the putative class members were provided the opportunity to take meal and rest breaks in accordance with the law, and Defendant has a good faith belief that all putative class members have timely been paid all compensation due and owing them, including at separation (where applicable).

### SEVENTH AFFIRMATIVE DEFENSE

(No Knowledge, Authorization or Ratification)

Defendant is not liable for the alleged damages to the Plaintiff and the proposed class for any of the claims alleged in the Complaint because, if any person or entity engaged in intentional, willful or unlawful conduct as alleged in the Complaint, such person or entity did so without the knowledge, authorization or ratification of the Defendant. Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; he is not currently employed by Harrison Global. Therefore, if Plaintiff suffered damages outside of his employment period, Harrison Global cannot be held liable for it. Moreover, before litigation commenced and Plaintiff raised

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN_FRANCISCO/#43585.1

DEF.'S ANSWER TO COMPLAINT
[CASE NO. 17CIV00921]

these claims, Defendant had no knowledge of the alleged behavior or omissions and cannot be found to have acted with intent or conscious disregard such that the requested (increased) damages would be appropriate.

### EIGHTH AFFIRMATIVE DEFENSE

(Meal Breaks Offered in Compliance with Law)

Plaintiff's first cause of action related to alleged meal break violations, fails, in whole or in part, because Defendant offered Plaintiff and the proposed class members all legally mandated meal breaks, pursuant to their obligations under California law. Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; he is not currently employed by Harrison Global. Therefore, if Plaintiff suffered meal break violations outside of his employment period, Harrison Global cannot be held liable for it. Moreover, Defendant should not be held liable for Plaintiff and the putative class members' unauthorized failure to comply with the policies of their employer or for their voluntary decision to waive breaks.

### NINTH AFFIRMATIVE DEFENSE

(Rest Periods Offered in Compliance with Law)

Plaintiff's first cause of action related to alleged rest break violations, fails, in whole or in part, because Defendant offered Plaintiff and the proposed class members all legally mandated rest breaks, pursuant to their obligations under California law. Defendant should not be held liable for Plaintiff and the putative class members' unauthorized failure to comply with the policies of their employer or for their voluntary decision to waive breaks. Moreover, Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; and he currently is not employed by Harrison Global. Therefore, if Plaintiff suffered damages outside of his employment period, Harrison Global cannot be held liable for it.

### TENTH AFFIRMATIVE DEFENSE

(Consent/Waiver of Meal and Rest Breaks)

Plaintiff's first cause of action related to alleged meal and rest break violations, fails, in whole or in part, because to the extent the Plaintiff and the proposed class members failed to take

- 6 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN_FRANCISCO/#43585.1

DEF.'S ANSWER TO COMPLAINT
[CASE NO. 17CIV00921]

a meal or rest break, they consented to waive or have otherwise voluntarily waived their breaks, as allowed by California law. Defendant believes that putative class members exercised their right to take (or waive) rest breaks, as they chose. If Plaintiff failed to take the meal and rest breaks provided to him, he did so voluntarily. Moreover, Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; and he currently is not employed by Harrison Global. Therefore, if Plaintiff suffered damages outside of his employment period, Harrison Global cannot be held liable for it.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Comply with Employer's Directives)

The Complaint, and each cause of action alleged therein, fails, in whole or in part, because the Plaintiff and the proposed class members failed to substantially comply with all the directions of Defendant, their employers, as required by California Labor Code Section 2856. All hourly employees are instructed to accurately record any time working, to ensure information is accurately reported for the purpose of calculating all components of compensation and to timely take their meal and rest breaks. If Plaintiff or the putative class members failed to do so, they were in direct violation of Defendant's policies. Employees also are informed of resources to call upon in the event they do not understand Company policies or have identified an apparent pay discrepancy, management problem, or inconsistency with their understanding of the terms and conditions of their employment (*e.g.*, supervisors preventing them from exercising their meal and rest break rights). Again, failure to lodge such reports would be in violation of Defendant's policies. Moreover, Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; and he currently is not employed by Harrison Global. Therefore, if Plaintiff suffered damages outside of his employment period, Harrison Global cannot be held liable for it.

## TWELFTH AFFIRMATIVE DEFENSE

(No Unlawful or Unfair Business Practices)

Plaintiff's fourth cause of action for unfair competition fails because Defendant is not liable to Plaintiff and the proposed class members for any alleged violation of any underlying

- 7 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN_FRANCISCO/#43585.1

DEF.'S ANSWER TO COMPLAINT
[CASE NO. 17CIV00921]

state or federal laws. Plaintiff and the putative class members were offered meal and rest breaks in accordance with the law. Defendant believes that putative class members exercised their right to take breaks. If Plaintiff failed to take the meal and rest breaks available to him, he did so voluntarily and without the knowledge and consent of his employer. Defendant believes all hourly employees have been paid all amounts due and owing them under the law. Therefore, Defendant did not engage in any of the legal violations Plaintiff alleges. Moreover, Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; and he currently is not employed by Harrison Global. Therefore, if Plaintiff suffered damages outside of his employment period, Harrison Global cannot be held liable for it.

### THIRTEENTH AFFIRMATIVE DEFENSE
(No Injury Resulting From Business Practice)

Plaintiff's claims under California Business & Professions Code section 17200, *et seq.* (sixth cause of action), are barred, in whole or in part, because the Plaintiff and the proposed class members have not suffered an injury as a result of the alleged practices and therefore lack standing. Defendant believes in good faith that all putative class members have been paid in full all amounts due and owing them under the law for overtime, straight time, commissions, and bonuses. Rest breaks are paid, and Defendant's policies and practices are to allow employees to take their rest breaks as the law requires. Defendant has legally-compliant policies of providing meal breaks, paying premium pay for missed breaks, and prohibiting off-the-clock work. Moreover, Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; and he currently is not employed by Harrison Global. Therefore, if Plaintiff suffered damages outside of his employment period, Harrison Global cannot be held liable for it.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Reasonably Avoidable Consequences)

The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff and the proposed class members are seeking recovery of damages for alleged injuries that they could reasonably have avoided. If Plaintiff or putative class members

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

DEF.'S ANSWER TO COMPLAINT
[CASE NO. 17CIV00921]

SAN_FRANCISCO/#43585.1

voluntarily waived meal and rest breaks, it was of their own accord. If they failed to accurately record and report their work hours or did not accurately record their time, that too was of their own accord. If they failed to report circumstances that compromised their break rights or impacted their compensation, that also was their fault. Moreover, Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; and he currently is not employed by Harrison Global. Therefore, if Plaintiff suffered damages outside of his employment period, Harrison Global cannot be held liable for it.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Bad Faith Claim)

The Complaint, and each cause of action alleged therein, fails, in whole or in part, because this action is frivolous and brought by the Plaintiff in bad faith. By reason of such conduct, Defendant is entitled to and intend to seek reasonable expenses, including attorneys' fees, incurred in defending this action pursuant to California law. Plaintiff knows Defendant offered meal and rest breaks as required by law, and he was timely and appropriately paid all compensation due and owing him. Defendant believes these facts are true for all putative class members. Moreover, Plaintiff only worked for Harrison Global July 14, 2014 through December 31, 2015; and he currently is not employed by Harrison Global. Therefore, if Plaintiff suffered damages outside of his employment period, Harrison Global cannot be held liable for it.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Payment of Compensation)

The Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent the Plaintiff and the proposed class members have ever recovered by other means or via other proceedings any monies for the wages, benefits, or other compensation at issue in this action. Upon information and belief, Defendant asserts that Plaintiff and other putative class members may have recovered monies in other proceedings for the compensation-based claims at issue in this case.

Vedder Price (CA), LLP
Attorneys at Law
San Francisco

SAN_FRANCISCO/#43585.1

DEF.'S ANSWER TO COMPLAINT
[CASE NO. 17CIV00921]

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Prior Settlement and Release of Claims)

The Plaintiff and the proposed class members' claims are barred, in whole or in part, by virtue of any prior settlement and release of said claims. Upon information and belief, Defendant believes at least some of the putative class members may have participated in settlement of compensation claims at issue in this case.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Res Judicata and/or Collateral Estoppel)

The claims alleged by the Plaintiff and the proposed class members are barred, in whole or in part, by the doctrine of *res judicata* and/or collateral estoppel. The claims alleged by the Plaintiff and the proposed class members are barred to the extent the claims have been adjudicated on the merits and, accordingly, binding on all subsequent litigation on the issues resolved. Upon information and belief, Defendant has reason to believe at least some of the compensation claims at issue in this case may have been previously adjudicated.

## NINETEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The claims alleged by the Plaintiff and the proposed class members are barred, in whole or in part, by the doctrine of unclean hands. Upon information and belief, Defendant asserts that Plaintiff may have previously behaved in an unethical and inconsistent manner in relation to the subject of the lawsuit.

## TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

The Plaintiff and the proposed class members, with the exercise of reasonable diligence, could have mitigated the alleged monetary damages to themselves. The Plaintiff and the proposed class members failed to exercise such reasonable diligence and have not mitigated such alleged monetary damages. By reason thereof, they are barred, in whole or in part, from

- 10 -

recovering any damages from the Defendant. On information and belief, Defendant asserts that Plaintiff did not take reasonable steps to minimize his damages by complying with the policies of his employer and by timely reporting his perceived violations of the law to his employer.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Civil Penalties Unjust, Arbitrary, Oppressive and/or Confiscatory)

The Plaintiff and the putative class members are precluded from recovering penalties in whole or in part under the applicable provisions of the law as, based upon the facts and circumstances of this case, any imposition of penalties would result in an award that is unjust, arbitrary, oppressive, and/or confiscatory. Plaintiff and the putative class members were offered meal and rest breaks in accordance with the law, and were paid in full all compensation due and owing them. There is a *bona fide* dispute as to whether Plaintiff and the putative class members are owed any additional wages. Defendant acted in good faith at all times. If violations exist, they are at an individualized level and Defendant did not know of, encourage, or endorse such practices. Under these circumstances, any penalties imposed upon Defendant would be unjust, arbitrary, oppressive, and/or confiscatory.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, because the Complaint fails to state a sufficient basis for the Court to grant any equitable relief as an adequate remedy exists at law. There is no evidence Defendant's policies are improper or that practices are consistent on a company-wide basis. Monetary damages can afford complete legal relief to Plaintiff for his alleged claims; therefore, equitable remedies are not appropriate in this case.

### PRAYER

WHEREFORE, Defendant prays as follows:

1. The judgment be entered in favor of Defendant and against Plaintiff;

- 11 -

DEF.'S ANSWER TO COMPLAINT
[CASE NO. 17CIV00921]

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN_FRANCISCO/#43585.1

2. That Plaintiff takes nothing by his Complaint and that said Complaint is dismissed, in its entirety, with prejudice;

3. That Defendant be awarded its costs of suit herein;

4. That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

5. For such other additional relief as this Court deems just and proper.

Dated: April 5, 2017

VEDDER PRICE (CA), LLP

By: _____
Heather M. Sager
Ayse Kuzucuoglu

Attorneys for Defendant
HARRISON GLOBAL, LLC dba
BOSTON COACH

- 12 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S ANSWER TO COMPLAINT
[CASE NO. 17CIV00921]

SAN_FRANCISCO/#43585.1

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 275 Battery Street, Suite 2464, San Francisco, California 94111. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On April 5, 2017, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

DEFENDANT HARRISON GLOBAL, LLC DBA BOSTON COACH'S ANSWER TO PLAINTIFF'S COMPLAINT

in a sealed envelope, postage fully paid, addressed as follows:

Scott Edward Cole, Esq.
Jeremy A. Graham, Esq.
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
Phone: (510) 891-9800
Fax:   (510) 891-7030
Email: scole@scalaw.com
       jgraham@scalaw.com

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 5, 2017, at San Francisco, California.

_____
Jessica E. Porras

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROOF OF SERVICE